OPINION
{¶ 1} On April 5, 2001, the Richland County Grand Jury indicted appellant, Mark Baughman, on three counts of retaliation in violation of R.C. 2921.05. Said charges arose from incidents wherein appellant wrote threatening letters to three individuals while he was in prison. The three individuals were appellant's sentencing judge in a prior case, the Honorable Ruth Franks from Lucas County, Ohio, appellant's defense attorney, Peter Rost, and a member of the Ohio Parole Board, Jim Bedra.
 {¶ 2} A jury trial commenced on August 16, 2001. The jury found appellant guilty of the counts pertaining to Judge Franks and Mr. Rost, and not guilty of the remaining count pertaining to Mr. Bedra. By sentencing entry filed August 21, 2001, the trial court sentenced appellant to four years on each count, to be run consecutively. Said conviction and sentence were affirmed on appeal. See, State v. Baughman
(September 3, 2002), Richland App. No. 01CA70.
 {¶ 3} On November 25, 2002, appellant filed an application to reopen his appeal. By judgment entry filed January 30, 2003, this court granted said motion for the limited purpose of reviewing his sentence.
 {¶ 4} This matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT FAILED TO COMPLY WITH THE FELONY SENTENCING STATUTE WHEN ORDERING MR. BAUGHMAN TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 I {¶ 6} Appellant claims the trial court erred in sentencing him to consecutive sentences. We disagree.
 {¶ 7} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} Appellant was found guilty of two counts of retaliation in violation of R.C. 2921.05, felonies of the third degree. Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." By sentencing entry filed August 21, 2001, the trial court sentenced appellant to four years on each count, to be run consecutively.
 {¶ 13} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 14} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 15} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 16} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 17} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 18} Pursuant to R.C. 2929.19(B)(2)(c), the court "shall make a finding that gives its reasons for selecting the sentence imposed***[i]f it imposes consecutive sentences under section 2929.14 of the Revised Code***." "The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole." State v. Belfon (July 13, 2000), Franklin App. Nos. 99AP-663 and 99AP-665, citing State v. Hess (May 13, 1999), Franklin App. No. 98AP-983.
 {¶ 19} In its sentencing entry of August 21, 2001, the trial court sentenced appellant to consecutive sentences, finding the following:
 {¶ 20} "The sentences in this case are ordered to be SERVED CONSECUTIVELY as necessary to fulfill the purposes of R.C. 2929.11
because the court finds:
 {¶ 21} "the defendant was in prison when the crime was committed.
 {¶ 22} "the defendant's criminal history requires consecutive sentences."
 {¶ 23} During the sentencing hearing, the trial court stated the following in pertinent part:
 {¶ 24} "I can see that you are a capable person. By your own account you've been successful in business before, but I see you totally disabled by this resentment you have from thinking normally and dealing normally in society. You apparently have tried psychology, that hasn't helped you." T. at 329.
 {¶ 25} "What I am left with, though, is having to sentence you with the crime you did from this county, and that is those letters you sent which were not only very profane, and again, you said you were trying to inflict pain on these folks, but also very threatening to the point where they actually feared for their life if you should get out of prison." T. at 329-330.
 {¶ 26} "The harm in this case is unusual. Those are not the sort of letters judges ordinarily get. I have never gotten one quite that bad. I have had unhappy people who told me about their unhappiness and concentrated on the points they were upset about, but not quite the personal attacks and personal threats as are there, and that's what makes it somewhat unusual." T. at 330-331.
 {¶ 27} "I would say, however, that these are both serious offenses, both as to the Judge and as to the attorney. I think you deserve a four year sentence for each of those crimes. Because the harm caused was unusual, because you were in prison at the time you did this I think they have to be consecutive, so you have an eight year sentence." T. at 331.
 {¶ 28} We find this record establishes that the trial court made the requisite explanations to support its findings because of the trial to the jury wherein the seriousness of the offenses were readily apparent to the trial court.
 {¶ 29} Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the sentence is otherwise contrary to law.
 {¶ 30} The sole assignment of error is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J. and Gwin, P.J.